IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, PEORIA DIVISION

| | |
|---|---|
| James Gray, III ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 08-CV-1197 |
| ) | |
| Keystone Steel and Wire Co., ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

This case is before the Court for a Report and Recommendation on Defendant's motion to dismiss for failure to state a claim, or, in the alternative, for a more definite statement.

## Standard

To state a claim under federal notice pleading standards, all the Complaint must do is set forth a "short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Factual allegations are accepted as true and need only give "'fair notice of what the . . . claim is and the grounds upon which it rests.'" <u>EEOC v. Concentra Health Serv., Inc.</u>, 496 F.3d 773, 776-77 (7th Cir. 2007), *quoting*

Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964 (2007)(other citation omitted).  The "allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level' . . . ." Id., *quoting* Bell Atlantic, 127 S.Ct. at 1965, 1973 n. 14.

In applying these standards, pro se complaints are construed liberally.  Kaba v. Stepp, 458 F.3d 678, 687 (7th Cir.2006)("'district courts have a special responsibility to construe pro se complaints liberally and to allow ample opportunity for amending the complaint when it appears that by so doing the pro se litigant would be able to state a meritorious claim.'"), *quoting* Donald v. Cook County Sheriff's Dept., 95 F.3d 548, 555 (7th Cir.1996).

**Allegations**

On March 7, 2007, Plaintiff was working for Defendant as an operator.  He punched in on his time clock at 2:22 p.m., his normal punch-in time, with his shift starting at 2:30.  Plaintiff then went to talk with a representative from his Union, the Independent Steel Worker's Alliance.  Plaintiff's foreman wrongfully assumed that Plaintiff was not at work because the foreman could not see Plaintiff.  Plaintiff was docked and ultimately wrongfully discharged for falsifying his time records.  Before his

discharge, Plaintiff had never missed work nor come in late without prior notice.

On August 12, 2008, Plaintiff filed, pro se, a Complaint alleging employment discrimination under Title VII, 42 U.S.C. § 2000e-5. He seeks back pay and reinstatement. He attached his EEOC right-to-sue letter and a July 2007 decision of a Hearings Referee for the State of Illinois Employment Security Appeals Division, which set aside the adjudicator's determination that Plaintiff had falsified his time records. The Referee found that Plaintiff had clocked in at 2:22 p.m., spoken to his union representative, and then reported back to his work area around 2:40 p.m.. The Referee concluded that, "While the claimant may have used poor judgment in the way he handled the matter, there was not sufficient evidence he willfully or deliberately attempted to falsify his time records." (Complaint, attachment, p. 15).

Defendant did eventually offer Plaintiff his job back, but only if he would agree to waive claims for back pay. (d/e 11). A letter attached to Plaintiff's response indicates that in November 2008, Plaintiff's Union sent his grievance to arbitration because Defendant's offer did not include back pay. The current status of the arbitration proceedings is not in the record.

## Analysis

Defendant attaches to its motion to dismiss parts of a purported collective bargaining agreement between Plaintiff's Union and Defendant, arguing that Plaintiff's claims are preempted by § 301(a) of the Labor Management Relations Act. 29 U.S.C. § 185(a). Defendant also argues that Plaintiff fails to allege exhaustion of the grievance procedure established by the collective bargaining agreement.

The excerpts of the collective bargaining agreement are "matters outside the pleading," and thus cannot be considered unless Defendant's motion is treated as a motion for summary judgment, giving all parties a "reasonable opportunity to present all the material that is pertinent . . . ." Fed. R. Civ. P. 12(d); Doss v. Clearwater Title Co., --- F.3d ----, 2008 WL 5377683 * 5 (7th Cir. 2008)(district court improperly considered deed attached to motion to dismiss without treating the motion as one for summary judgment). While documents attached to a motion to dismiss may be considered "if they are referred to in the plaintiff's complaint and are central to the claim[]", Continental Casualty Co., 417 F.3d 727, 731 n.2 733 (7th Cir. 2005), Plaintiff's Complaint does not refer to the agreement nor is it central to his Title VII claim. The Court therefore does not consider

the excerpts of the agreement and makes no recommendation on Defendant's arguments relating to it.

The Court does not recommend that the motion be treated as one for summary judgment, as doing so would not dispose of the Title VII claim in any event. It is true that a wrongful discharge claim based on state law is preempted by the Labor Management Relations Act if the claim's resolution turns on the interpretation of a collective bargaining agreement. Chapple v. National Starch and Chemical Co. and Oil, 178 F.3d 501, 508-09 (7th Cir. 1999). It is also true that an employee must generally first exhaust the grievance procedure in a collective bargaining agreement before making a claim under the Labor Management Relations Act ("LMRA"). Vail v. Raybestos Products Co., 533 F.3d 904, 908 (7th Cir. 2008).

However, contrary to Defendant's assumption, Plaintiff's allegation that he was terminated without "just cause" does not necessarily mean he intends to pursue a supplemental state law wrongful discharge claim that might be preempted by the LMRA. Plaintiff ostensibly pursues a Title VII employment discrimination claim, not a claim under the LMRA or a state wrongful discharge claim. Neither collective bargaining agreements nor the LMRA supplant Title VII. *See* Alexander v. Gardner-Denver Co., 415 U.S.

36, 52 (1974)(Title VII rights against discrimination and rights under collective bargaining agreement "have legally independent origins and are equally available to the aggrieved employee"); Pryner v. Tractor Supply Co., 109 F.3d 354, 363 (7th Cir.1997)(collective bargaining agreement cannot require arbitration of all Title VII claims). Defendant does not address this. In addition, even if Plaintiff does intend to pursue a supplemental state wrongful discharge claim in addition to his Title VII claim, the entire collective bargaining agreement is not in the record and the parts that are lack authentication, precluding summary judgment on this record.

In short, Defendant's motion to dismiss for failure to state a claim does not address Plaintiff's Title VII claim and relies on assumptions and matters outside the pleadings for its other arguments. The Court therefore recommends that the motion be denied to the extent it seeks dismissal for failure to state a claim.

Defendant moves, in the alternative, for a more definite statement of Plaintiffs' claims. Fed. R. Civ. P. 12(e) provides that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot

reasonably prepare a response." This section is intended to apply " . . . only in cases where the movant cannot reasonably be required to frame an answer or other responsive pleading to the pleading in question." *1946 Amendment Advisory Committee Note to Fed.R.Civ.P. 12(e).*

The Court is admittedly also having trouble understanding the basis for Plaintiff's employment discrimination claim. Plaintiff asserts that he was terminated wrongfully, "in a hasty manner and without correct cause," and that the foreman's actions were based on personal animosity (liberally construing the allegations). (d/e 11, p. 1). Title VII does not protect employees against all wrongful terminations. Title VII protects an employee from discharge based on his "race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a). Thus, the allegation "I was wrongfully fired" does not state a claim under Title VII, but the allegation "I was fired because of my race" does state a claim under Title VII. *See* Bennett v. Schmidt,153 F.3d 516, 518 (7th Cir. 1998)(Title VII claim can be stated by simply alleging "'I was turned down for a job because of my race.'"), *cited with approval by* Tamayo v. Blagojevich, 526 F.3d 1074, 1081 n. 2 (7th Cir. 2008).

Plaintiff's Complaint and his other submissions do not identify the

basis for the alleged employment discrimination. That is, he does not say he was fired because of his race, gender or some other statutorily protected characteristic. According to Defendant's motion, Plaintiff's charge with the EEOC alleged discrimination on the basis of race and disability and also alleged retaliation for engaging in protected activities. (d/e 8, ¶ 5). Defendant's motion, however, only references the Complaint, which does not mention race, disability or retaliation.[1] The Court does not see any reference to race, disability or retaliation in Plaintiff's Complaint, Response, or the attachments thereto. The EEOC charge is not in the record.

The Court believes that this omission is easily remedied. While the Complaint could be dismissed with leave to file an amended complaint, the Court believes that, given Plaintiff's pro se status, the more expedient choice is to have Plaintiff file by a date certain a more definite statement explaining on what basis he was discriminated (particularly given that Defendant seems to already know that the basis was race and disability).

WHEREFORE, the Court RECOMMENDS that Defendants' motion (d/e 8) be granted in part and denied in part. The Court recommends that

---

[1] Discrimination based on disability would not be covered by Title VII, but instead by the Americans with Disabilities Act, see 42 U.S.C. §§ 12112(a).

the motion be denied to the extent it seeks dismissal for failure to state a claim. The Court further recommends that Defendant's motion be granted to the extent it seeks a more definite statement from Plaintiff to be filed by a date certain.

Any objections to this Report and Recommendation must be filed in writing with the Clerk of the Court within ten working days after service of a copy of this Report and Recommendation. See 28 U.S.C. § 636(b)(1). Failure to timely object will constitute a waiver of objections on appeal. Video Views, Inc. v. Studio 21, Ltd., 797 F.2d 538, 539 (7th Cir. 1986). See also Local Rule 72.2.

ENTER:   December 30, 2008

*s/ Byron G. Cudmore*

_____
BYRON G. CUDMORE
UNITED STATES MAGISTRATE JUDGE