UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| JAMES GRAY, III, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 08-1197 |
| v. ) | |
| ) | |
| KEYSTONE STEEL AND WIRE CO. ) | |
| ) | |
| Defendant. ) | |

## ORDER

On August 11, 2008, Plaintiff filed a Complaint [#1] against the Defendant and on October 21, 2008, Defendant filed a Motion to Dismiss [#8]. On December 30, 2008, Magistrate Judge Byron G. Cudmore filed a well-reasoned Report and Recommendation, recommending that Defendant's Motion be granted in part and denied in part. The Magistrate recommended that the Motion be denied to the extent it seeks dismissal for failure to state a claim, and granted to the extent it seeks a more definite statement from Plaintiff. More than ten (10) days have elapsed since the filing of the Report & Recommendation, and no objection has been made.[1] *See* 28 U.S.C. ▪ 636(b)(1); Fed. R. Civ. P. 72(b); *Lockert v. Faulkner*, 843 F.2d 1015 (7th Cir. 1988); and *Video Views, Inc. v. Studio 21, Ltd.,* 797 F.2d 538, 539 (7th Cir. 1986). See Local Rule 72.2. Therefore, the parties have waived any such objection. *Id.* For the reasons

---

[1] On January 14, 2009, Plaintiff filed a letter [#13] with the Court, stating his "reason for this lawsuit." The Court does not construe this letter to be an Objection to the Magistrate's Report and Recommendation. Instead, the Court believes that Plaintiff was trying to provide a more definite statement of his employment discrimination claim, per the Magistrate's Recommendation.

stated below, the Court adopts the Magistrate Judge's Report & Recommendation [#12] in its entirety.

## Background

The relevant procedural history is sufficiently set forth in the comprehensive Report & Recommendation of the Magistrate Judge. James Gray, III, filed his action, pro se, against Keystone Steel and Wire, Co., alleging employment discrimination under Title VII, 42 U.S.C. § 2000e-5. Gray alleges that he was wrongfully discharged and seeks back pay and job reinstatement. Keystone eventually offered Gray his job back, but only if he would agree to waive claims for back pay.

## Discussion

In its Motion to Dismiss, Keystone attached part of a purported collective bargaining agreement ("CBA") between Grey's Union and Keystone, arguing that Gray's claims are preempted by § 301(a) of the Labor Management Relations Act. 29 U.S.C. § 185(a). Keystone also argues that Gray failed to allege exhaustion of the grievance procedure established by the CBA. The Court adopts the Magistrate's recommendation to not consider the excerpts of the CBA at this stage of litigation, because Gray's Complaint does not refer to the CBA and it is not central to his Title VII claim. *See Doss v. Clearwater Title Co.,* No. 07-2400, 2008 WL 5377683 * 5 (7th Cir. Dec. 24, 2008) (district court improperly considered deed attached to a motion to dismiss without treating the motion as one for summary judgment.)

The Court further adopts the Magistrate's recommendation to not treat the Motion as one for summary judgment, as doing so would not dispose of Gray's Title VII claim. Gray ostensibly pursues a Title VII employment discrimination claim, not a claim under

the Labor Management Relations Act ("LMRA") or a state wrongful discharge claim. Neither CBAs nor the LMRA supplant Title VII. *See Alexander v. Gardner-Denver,* 415 U.S. 36, 52 (1974) (Title VII rights against discrimination and rights under CBAs "have legally independent origins and are equally available to the aggrieved employee.") Even if Gray intends to pursue a supplemental state wrongful discharge claim in addition to his Title VII claim, summary judgment is still not warranted because the entire CBA is not in the record and the parts that are in the record lack authentication. The Court agrees with the Magistrate's assessment that Keystone's Motion does not address Gray's Title VII claim, but instead relies on assumptions and matters outside of the pleadings (i.e. the CBA).

In the alternative, Keystone moved for a more definite statement of Gray's claims. Gray asserts that he was "fired wrongfully." Title VII protects an employee from discharge based on his "race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a). Thus, the allegation that "I was wrongfully fired" does not state a claim under Title VII. Gray needs to assert *why* he is entitled to Title VII protection, i.e. to be entitled to Title VII protection, he must allege he was fired because of his race, gender, or some other statutorily protected characteristic.

The Court agrees with the Magistrate this could be easily remedied. Therefore, the Court grants Keystone's Motion to the extent it seeks a more definite statement of Gray's claims. Therefore, the Court directs Gray to file within 21 days of this Order, a more definite statement explaining on what basis he was discriminated (race, gender, or some other statutorily protected characteristic).[2]

---

[2] Gray's January 14, 2009, Letter does not state the basis for his alleged employment discrimination.

## CONCLUSION

Accordingly, the Court adopts the Report & Recommendation of the Magistrate Judge [#12] in its entirety. Keystone's Motion is DENIED to the extent it seeks dismissal for failure to state a claim, and GRANTED to the extent it seeks a more definite statement from Gray. This matter is referred to the Magistrate Judge for further proceedings.

ENTERED this 20th day of January, 2009.

    s/Michael M. Mihm
Michael M. Mihm
United States District Judge